Sandra SEARCY; Conner Searcy, by and through his guardian ad litem Sandra Searcy; and Stacy Searcy, by and through her guardian ad litem Sandra Searcy, Plaintiffs–Appellants,

v.

Roy R. AUERBACH, Defendant–Appellee.

No. 91–16289.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 2, 1992.

Decided Dec. 4, 1992.

Bruce M. Towner, Towner & Lippe, San Francisco, Cal., for plaintiffs-appellants.

Gregory E. Ebstein, Ericksen, Arbuthnot, Brown, Kilduff & Day, San Francisco, Cal., for defendant-appellee.

Before: BOOCHEVER, NOONAN and O'SCANNLAIN, Circuit Judges.

NOONAN, Circuit Judge:

Sandra Searcy and her children Conner and Stacy (the Searcys) brought a suit against Roy R. Auerbach for intentional infliction of emotional distress, libel, professional negligence and negligent infliction of emotional distress. The Searcys were residents of Texas, Auerbach of California, so diversity of citizenship existed. The district court gave summary judgment for Auerbach. We reverse and remand for trial.

## BACKGROUND

The undisputed facts were that Michael Searcy, Sandra's divorced husband, removed Stacy in October 1986 from her home in Texas and took her with him to his home in California. Michael then asked Auerbach, a clinical psychologist licensed by the State of California, to examine Stacy. On December 4, 1986 Auerbach gave Michael a written opinion stating his belief that Stacy had been sexually abused while in her mother's custody. Michael contacted the police and a child welfare agency in Houston in early 1987 and gave them Auerbach's opinion. The Texas officials called their counterparts in California, who in turn called Auerbach. He repeated to them the statements made in this opinion. Prior to this call from California officials, Auerbach personally made no effort to contact authorities about his evaluation of Stacy.

Sandra Searcy discovered the existence of Auerbach's written opinion when a copy of it was delivered to her attorney in May 1987. She and her children brought this suit against Auerbach on December 4, 1987.

## PROCEEDINGS

Auerbach moved for summary judgment on the ground that his action fell within the immunity created by California Penal Code § 11172. The district court granted the motion. The Searcys appealed.

## ANALYSIS

The sole issue on this appeal is whether immunity was conferred by the California statute. Accordingly, we address only the narrow issue of whether in this action for several torts the defendant has been immunized by California law.

The immunity statute is part of what has been described as a "comprehensive" scheme. *People v. Bernstein*, 197 Cal. App.3d Supp. 34, 38, 243 Cal.Rptr. 363 (1987). The scheme puts in place "cooperative arrangements designed to coordinate existing duties in connection with the investigation of suspected child abuse cases." *Bernstein* 197 Cal.App.3d Supp. at 41, 243 Cal.Rptr. 363. The Act, entitled "The Child Abuse and Neglect Reporting Act", Cal.Penal Code §§ 11164–74.3, creates an obligation on the part of "health practitioners" to report to a "child protective agency" any instance of suspected child abuse discovered by them in their employment. The report is to be made immediately by telephone and within 36 hours in writing. Cal.Penal Code § 11166(a). Failure to make such a report is itself a criminal violation. § 11172(e).

A child protective agency is defined to mean "a police or sheriff's department ... or a county welfare department." § 11165.9. On receiving a report of child abuse the agency is directed to furnish the report to "the Department of Justice." § 11169. The report at this stage "shall be in a form approved by the Department of Justice." *Id.* The Department must maintain an index of such reports. § 1170(a). The Department is to notify a variety of persons of any pertinent information, § 11170(b)(1), and the Department is specifically to advise "the State Department of Social Services" about applicants for licenses for employment involving supervision over children. § 11170(b)(3). The State

Department of Social Services or any county licensing agency are "responsible", then, for obtaining the "original investigative report from the reporting agency." § 11170(b)(4).

As part of this comprehensive scheme, the Child Abuse and Neglect Reporting Act provides that the required reports "shall be confidential" and may be disclosed only as provided in the statute itself to the agencies identified by the statute and to investigators from these agencies. § 11167.5(a)-(b). The report may also be disclosed to hospital scan teams, to coroners and medical examiners conducting a post mortem examination of a child, and to the Board of Prison Terms. § 11167.5(b)(7)-(9).

The Act additionally provides: "No child care custodian, health practitioner, employee of a child protective agency, or commercial film and photographic print processor who reports a known or suspected instance of child abuse shall be civilly or criminally liable for any report required or authorized by this article." § 11172(a). Auerbach's reliance is upon this single sentence in the comprehensive statutory scheme.

Auerbach's reliance is misplaced. The purpose of the Act is to protect children from abuse. § 11164(b). The statutory procedures for reporting are essential to the accomplishment of that purpose. Auerbach failed to follow the procedures: he did not make a report "required or authorized" by the statute. Indeed, he twice violated the statute—first by failing to make the report required by section 11166, and second, by disclosing his opinion to Michael, a person not authorized to receive it under section 11167.5.

Although the required report was never made, Auerbach argues that his opinion was somehow an "authorized" report. But "authorized reports" under the statute refer to the reports that are authorized to be made to the various state agencies. Auerbach did not send his report to any state agency. Auerbach argues that his sending the report to Michael Searcy could be considered an intermediate step towards eventual reporting to a Texas or California agency. But the statute makes no provision for intermediate reporting through a layperson. Instead, it meticulously notes the only agencies or individuals authorized to receive the report it mandates.

Auerbach's immunity depends on a special statute. He did not meet the conditions specified by the statute. Immunity he lacks.

REVERSED & REMANDED.

NOONAN, Circuit Judge, concurring:

I concur in the opinion I have authored for the court and add the following:

Moreover, the Texas agency did not fall within the meaning of "child protective agency" as used in the statute. The intent of the California legislature is clearly expressed in section 11166.3(a): "The Legislature intends that in each county the law enforcement agencies and the county welfare or social services department shall develop and implement cooperative arrangements in order to coordinate existing duties in connection with the investigation of suspected child abuse cases." The California legislature is expressing its intent as to California counties. The California legislature has no jurisdiction over Texas counties and could not have intended to develop a statutory scheme that imposed duties upon the Texas Department of Justice, Texas Department of Social Services, or Texas child protective agencies or created immunity because of compliance with duties as to Texas agencies.